IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CINTAS CORPORATION, a Washington
Corporation,

               Petitioner,

   vs.

CHARLES LEROY GRAY, DAVID W.
REED, and NEAL CAPUCHINO,
individuals,

               Respondents.

Case No. _____

**PETITION FOR ORDER DIRECTING ARBITRATION
TO PROCEED IN THE MANNER PROVIDED FOR IN
WRITTEN AGREEMENT FOR ARBITRATION, IN ACCORDANCE
<u>WITH THE TERMS OF THE AGREEMENT, PURSUANT TO 9 U.S.C. §4</u>**

1.      Petitioner Cintas Corporation (hereinafter "Cintas") hereby petitions this Court for an Order pursuant to Section 4 of the Federal Arbitration Act (9 U.S.C. §4) directing each of the individuals listed on Exhibit 1 to this Petition (hereinafter "Respondents") to proceed in this judicial district with arbitration of his or her alleged disputes with Cintas in accordance with the terms of the individual written employment agreement between him or her and Cintas.

**JURISDICTION AND VENUE**

2.      This Court has subject matter jurisdiction over this proceeding under Section 4 of the Federal Arbitration Act (9 U.S.C. §4) and under 28 U.S.C. §1331 in that each of the Respondents has asserted claims against Cintas under the Fair Labor Standards Act (29 U.S.C. §§201 *et seq.*) ("FLSA"), which claims each Respondent has refused and continues to refuse to arbitrate in accordance with the terms of his or her written agreement with Cintas.

3.      Venue in this judicial district is appropriate under 28 U.S.C. section 1391 (a) because a substantial part of the events or omissions giving rise to each of the Respondents' underlying claim against Cintas occurred in this judicial district and because a substantial part of the events or omissions giving rise to Cintas' claim which is the subject of this Petition occurred in this judicial district.  Each of the Respondents is or claims to be a current or former employee of Cintas who was last employed by Cintas in this judicial district. Each Respondent's respective employment agreement requires arbitration of disputes between him or her and Cintas to take place in a county within this judicial district.

## BACKGROUND

4.      On March 19, 2003, certain individuals who are not parties to this Petition filed a lawsuit against Cintas in the United States District Court for the Northern District of California alleging claims for relief under the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 201 *et seq.*, the Employee Retirement Income Safety Act ("ERISA") 29 U.S.C. §§1001 *et seq.*, certain state wage and hour laws, and the California Unfair Competition Law (California Business & Professions Code § 17200 *et seq.*) styled as <u>Veliz et al v. Cintas Corporation etc</u>., Case No, C-03-01180  (SBA)(N.D.Cal.)(hereinafter "the Northern California Action").   The gravamen of plaintiffs' claims in the Northern California Action was that they were improperly characterized as "exempt" employees and were not paid overtime compensation.

5.      Certain of the plaintiffs in the Northern California Action purported to act as representatives of a putative "opt-in" collective action under Section 16(b) of the Fair Labor Standards Act (29 U.S.C. §216(b)), as representatives of a putative nationwide Rule 23 class action under ERISA, and as representatives of certain putative state sub-classes under Rule 23.

6.      Each of the Respondents to this Petition subsequently filed with the Court in the Northern California Action "Consents to Sue" and purported to opt-in to the Northern California Action and assert claims for "unpaid overtime premiums under the federal Fair Labor Standards

Act ('FLSA') 29 U.S.C. §216(b)" and also purported to designate Altshuler, Berzon, Nussbaum, Rubin & Demain, Traber & Voorhees, and Lerach, Coughlin, Stoia & Robbins, LLP, to represent him or her in the Northern California Action.

7.      Each Respondent to this Petition is party to an individual employment agreement with Cintas that provides for binding arbitration of all disputes with Cintas, including statutory claims such as the FLSA claims asserted by Respondents in the Northern California Action.  A copy of each Respondent's employment agreement is submitted herewith, alphabetically by Respondent's surname, as an Exhibit to the Declaration of Jenice Clendening submitted herewith.

8.      Each Respondent's employment agreement requires that such arbitration between him or her and Cintas be "conducted in accordance with the American Arbitration Association's National Rules for the Resolution of Employment Disputes and [that it be] held in the county and state where [the Respondent] currently works for [Cintas] or most recently worked for [Cintas]."

9.      On June 3, 2005, Cintas moved to stay further proceedings by Respondents in the Northern California Action pursuant to Section 3 of the Federal Arbitration Act (9 U.S.C. §3). Section 3 provides as follows:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

10.     Plaintiffs in the Northern California Action (including the Respondents hereto) did not deny that they were required to arbitrate their FLSA claims against Cintas.  Instead, through their counsel, plaintiffs in the Northern California Action (including Respondents hereto) filed a cross-motion requesting that the Court deem Cintas' motion to stay under Section

3 of the Federal Arbitration Act be, in effect, a petition to compel under Section 4 of the Federal Arbitration Act.

11.     In so moving, Respondents were seeking preemptively to nullify each of their express place-of-arbitration terms by arguing that, under Section 4 of the Federal Arbitration Act, a district court is limited in its power to compel arbitration only in the district where the petition is filed.   Previously, in motion proceedings that did not apply to Respondents on this point, the District Court in the Northern California Action had ruled that Section 4 of the Federal Arbitration Act dictates that the arbitral hearing and any other arbitral proceedings be held in the judicial district where the motion under Section 4 of the Federal Arbitration Act is filed, even if the motion under Section 4 of the Federal Arbitration Act is filed by a defendant in an action filed by plaintiffs who are subject to place-of-arbitration provisions that would ordinarily require arbitration elsewhere.   In so ruling, however, the Northern California District Court expressly limited the scope of its ruling to the 56 plaintiffs who had been the subject of Cintas' Motion to Compel in the Northern California Action, which does not include any of the Respondents hereto.

12.     In this context, as to the Respondents hereto, Cintas expressly chose not to move or petition the Northern California District Court to compel arbitration under Section 4 of the Federal Arbitration Act, but instead expressly moved in that Court only for a stay of litigation under Section 3 of the Federal Arbitration Act.   Cintas expressly reserved – including in but not limited to submissions on the record in the Northern California Action on December 14, 2004 and September 6, 2005 -- its right to petition in this District Court under Section 4 of the Federal Arbitration Act, although Cintas continued to have that right regardless whether or not it reserved that right.

13.     Prior to the hearing on the relevant motions, the Northern California District Court ordered the parties to complete a meet and confer process and submit a joint stipulation identifying: (a) which plaintiffs in the Northern District Action may litigate their claims before the  Northern California District Court, (b) which plaintiffs are required to arbitrate their claims,

and (c) which plaintiffs the parties are unable to agree fall in either of the two categories. The order further directed that the joint stipulation specifically reference plaintiffs by name, by applicable Employment Agreement (the enforceability of which the Northern California District Court had previously ruled upon or was called on to rule upon in the then-pending motions) and any other identifying information the parties believed would be helpful. Exhibit 1 to Request for Judicial Notice submitted herewith [Docket No. 500 in Northern California Action].

14.    The parties submitted their joint stipulation on September 29, 2005. Exhibit 2 to Request for Judicial Notice submitted herewith [Docket No. 501 in Northern California Action].

15.    Thereafter, on the record of a hearing on the motions then-pending before the Northern California District Court, Respondents hereto stated unequivocally through their counsel in the Northern California Action -- Michael Rubin of Altshuler, Berzon, Nussbaum, Rubin & Demain -- that they do not intend to arbitrate in accordance with the terms of their enforceable agreements with Cintas in that they will not observe the place-of-arbitration terms in their agreements but will instead seek to proceed in a single arbitration in San Francisco. Exhibit 3 to Request for Judicial Notice submitted herewith at 87:15-18 [Docket No. 512 in Northern California Action]; Declaration of Mark C. Dosker submitted herewith.

16.    By Order filed on February 14, 2006, the Northern California District Court granted Cintas' motion to stay under Section 3 of the Federal Arbitration Act and rejected all of the arguments by the opt-in plaintiffs (including Respondents hereto) that the Court should allow Respondents hereto to proceed in arbitration in Northern California. On the record of the hearings on those motions, the Northern California District Court stated that the arguments by the opt-in plaintiffs in the Northern California Action (including Respondents hereto) were without any basis in fact or law and that the opt-in plaintiffs (including Respondents hereto) had no statutory or case authorities or even factual support for their motion, and that plaintiffs' counsel had no answer – as to why the opt-in plaintiffs (Respondents herein) were disregarding what each of the opt-in plaintiffs (Respondents herein) had agreed to in his or her enforceable arbitration agreement -- other than the strategic desire of their counsel to have all such persons in

one location. Exhibit 3 to Request for Judicial Notice submitted herewith, at 14:15-19, 16:15-17, 97:9-17; and Exhibit 4 to Request for Judicial Notice submitted herewith, at 4:3-14, 7:5-10 and 25:2-28:4 [Docket No. 518 in Northern California Action].

17.     A copy of the Court's Order filed on February 14, 2006 is attached hereto as Exhibit 5 to Request for Judicial Notice submitted herewith.   [Docket No. 516 in Northern California Action].   The Court's Order adopts the reasons the Court stated on the record at the hearings on those motions. Id., at 1:25-27. Repeatedly at those hearings, the Court stated that the arbitration agreements are enforceable.   See, e.g., Exhibit 3 to Request for Judicial Notice submitted herewith, at 5:4-6:2, 8:22-9:18, 10:18 and 12:19; and Exhibit 4 to Request for Judicial Notice submitted herewith, at 6:23.

18.     Despite the Northern California District Court's Order that litigation be stayed until each of the Respondents herein have arbitrated in accordance with the terms of his or her individual employment agreements, however, each of the Respondents has failed or neglected or refused, and continues to fail or neglect or refuse, to arbitrate in accordance with the terms of his or her agreement and continues to fail or neglect or refuse to comply with his or her agreement. Indeed, counsel for plaintiffs in the Northern California Action (including Respondents herein) stated on the record in the Northern California Action that they would seek to have the claims heard in arbitration in Northern California. Exhibit 3 to Request for Judicial Notice submitted herewith at 87:15-18; Declaration of Mark C. Dosker submitted herewith.

19.     Meanwhile, earlier in the Northern California Action, the Northern California District Court has already held as a matter of federal law that Respondents have no substantive right to proceed collectively or as a class in arbitration. Exhibit 6 to Request for Judicial Notice submitted herewith at pp. 4-7 [Docket No. 426 in Northern California Action].

20.     In a teleconference on March 1, 2006, Respondents hereto again stated unequivocally through their counsel in the Northern California Action -- Michael Rubin of Altshuler, Berzon, Nussbaum, Rubin & Demain -- that they do not intend to arbitrate in accordance with the terms of their enforceable agreements with Cintas in that they will not

observe the place-of-arbitration terms in their agreements but will instead seek to proceed in a single arbitration in San Francisco. Declaration of Mark C. Dosker submitted herewith.

21.     To date, none of the Respondents herein has initiated arbitration against Cintas in the county where he or she currently works for Cintas or last worked for Cintas.

22.     Cintas is entitled under Section 4 of the Federal Arbitration Act to an Order directing each of the Respondents to proceed in this judicial district with arbitration of his or her alleged disputes, as more fully set forth in this Petition.

## PETITION

23.     Cintas incorporates by reference the allegations in paragraphs 1 through 22 of this Petition as though set forth fully herein.

24.     Section 4 of the Federal Arbitration Act (9 U.S.C. §4) provides in pertinent part that:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement. Five days' notice in writing of such application shall be served upon the party in default. Service thereof shall be made in the manner provided by the Federal Rules of Civil Procedure. The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed.

25.     Cintas has established in the Northern California Action that each of the Respondents is a party to a written agreement to arbitrate and that their claims arising under the Fair Labor Standards Act are subject to arbitration. Having litigated these issues in the Northern

California Action, each Respondent is bound by that court's decision. Moreover, each Respondent has admitted these points.

26.     The District Court in the Northern California Action has entered its Order staying further proceedings by each of the Respondents until each of the Respondents has arbitrated in accordance with the terms of his or her agreement, as required by Section 3 of the Federal Arbitration Act.

27.     Respondents hereto have stated on the record in the Northern California Action, and again by teleconference on March 1, 2006, through their counsel in that action -- Michael Rubin of Altshuler, Berzon, Nussbaum, Rubin & Demain -- that they refuse to arbitrate in accordance with the terms of their agreements with Cintas in that they will not observe the place-of-arbitration terms in their agreements but will instead seek to proceed in a single arbitration in San Francisco.

28.     Cintas is aggrieved by each of the Respondents' failure or neglect or refusal to arbitrate in accordance with the terms of his or her written agreement for arbitration.

29.     Because "the making of the arbitration agreement" has already been conclusively established through litigation as between Cintas and each Respondent hereto, in the Northern California Action, and moreover having been admitted by the Respondents, it is already established and is not in issue in this Petition proceeding.

30.     Because Respondents hereto have stated on the record through their counsel in the Northern California Action that they will not observe the place-of-arbitration provisions in their agreements, and because each of the Respondents have otherwise failed and neglected and refused to comply with his or her enforceable arbitration agreement as written, each of Respondents' "failure, neglect or refusal" to comply with his or her arbitration agreement is already established and is not in issue in this Petition proceeding.

31.     For the foregoing reasons, Cintas is entitled to an Order under Section 4 of the Federal Arbitration Act directing that each of the Respondents proceed in this judicial district with arbitration in the manner provided for in his or her employment agreement with Cintas, and

directing that such arbitration be held within the county and state where each Respondent currently works for Cintas or last worked for Cintas and, in no event, be held anywhere outside this judicial district.

WHEREFORE, Cintas prays for the following relief:

1.    For an Order under Section 4 of the Federal Arbitration Act directing that each of the Respondents proceed with arbitration in this judicial district in the manner provided for in his or her employment agreement with Cintas, and that each such arbitration be held within the county where each such Respondent currently works for Cintas or last worked for Cintas and, in no event, be held anywhere outside this judicial district;

2.    For costs of action incurred herein, including reasonable attorneys' fees to the extent allowed by law;

3.    Such other and further legal and equitable relief as Cintas may request.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Martin P. Tully (#465)
Jon E. Abramczyk (#2432)
Jason A. Cincilla (#4232)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
        Attorneys for Cintas Corporation

OF COUNSEL:

SQUIRE, SANDERS & DEMPSEY L.L.P.
Mark C. Dosker (CA Bar # 114789)
Michael W. Kelly (CA Bar # 214038)
Joseph A. Meckes (CA Bar # 190279)
One Maritime Plaza, Third Floor
San Francisco, CA  94111-3492
(415) 954-0200

March 10, 2006

510116

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

CINTAS CORPORATION

## DEFENDANTS

CHARLES LEROY GRAY, DAVID W. REED, and NEAL CAPUCHINO

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  WARREN COUNTY, OHIO
**(EXCEPT IN U.S. PLAINTIFF CASES)**

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  SUSSEX COUNTY, DELAWARE
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM ADDRESS AND TELEPHONE NUMBER)
Martin P. Tully (#465)
Jon E. Abramczyk (#2432)
Jason A. Cincilla (#4232)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market St., P. O. Box 1347, Wilmington, DE 19899
(302) 658-9200

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgement
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholder Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury – Med Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl Ret Inc Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant
- ☐ 871 IRS - Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks or Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed From State Court
- ☐ 3 Remanded From Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred From another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgement

## VI. CAUSE OF ACTION   (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Petition pursuant to Federal Arbitration Act, 9 U.S.C. §4, to compel arbitration of claims asserted by Respondents under the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

## VII. REQUESTED IN COMPLAINT

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY   (See Instructions)

JUDGE                          DOCKET NUMBER

DATE  3/10/06

SIGNATURE OF ATTORNEY OF RECORD  Jason A. Cincilla (#4232)

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____